

## United States District Court

### DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Complaint |
| v. | CASE NUMBER: 08- 86 - M |
| DARREN HARRIS | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about  May 1, 2008  in  New Castle  County, in the District of Delaware, defendant possessed a firearm, in and affecting interstate and foreign commerce, after having been convicted of a felony crime punishable by more than one year in prison,

in violation of Title  18  United States Code, Section(s)  922(g)(1) and 924(a)(2) 

I further state that I am a(n)  ATF Task Force Officer  and that this complaint is based
                                   Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

 
_____
Signature of Complainant
David C. Rosenblum
ATF Task Force Officer

Sworn to before me and subscribed in my presence,

May 2, 2008                                          at    Wilmington, DE
Date                                                        City and State

Honorable Leonard P. Stark
United States Magistrate Judge                   _____
Name & Title of Judicial Officer                           Signature of Judicial Officer

AFFIDAVIT OF PROBABLE CAUSE: ATF Task Force Officer and Special Deputy U.S Marshal David C. Rosenblum

Your affiant Detective David C. Rosenblum has been a Wilmington Police Officer for approximately 9 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. Your Affiant has been authorized to seek and execute arrest and search warrants supporting a federal task force through Deputization by the United States Marshal's Service. During this Officer's employment as a Law Enforcement Officer, Your Affiant has authored in excess of 400 felony arrests warrants for crimes, some of which involved illegal narcotics and firearms. Prior to Your Affiant's current assignment, this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force where your affiant has conducted over an estimated 1000 investigations into illegal narcotics and/ or firearms offenses whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a Law Enforcement Officer, Your Affiant has received over 275 days of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court and Federal Court, District of Delaware to provide expert testimony on the intent to distribute controlled substances and has testified as an expert in approximately 15 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with federal agents and law enforcement officers with knowledge and/ or expertise in firearms offenses dealing with interstate nexus of firearms crossing state lines thereby affecting interstate commerce.

1. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with other Wilmington Police Officers. Because this affidavit is solely for establishing probable cause, not all facts related to this investigation are included herein.

2. The events stated below occurred on or about 1 May 2008, in the City of Wilmington, State and District of Delaware, as stated to me by at least three Wilmington Police Officers.

3. Your affiant learned from speaking to the Officers that they were dispatched to the area of the 1900 block of West 5th Street in reference to suspicious activity involving three black males attempting to gain access to a residential roof. Upon arrival to the area, the first arriving patrol unit who was operating a fully marked patrol vehicle observed three black males exit the alleyway to the residence that he was dispatched to. That Officer advised Your Affiant that he observed three black males exit the alley way at which point he stopped his vehicle in their vicinity and obstructing their path. Upon stopping the vehicle, the group split up and one of the individuals changed direction away from the vehicle and walked away at a quickened pace. The Officer exited his vehicle and requested all three males to stop at which point the male who changed direction sped up his pace to a run and fled away from the Officer. The Officer gave chase to that individual and deployed his Departmental Tazer to gain compliance from the suspect.



The Officer reported that as he initiated Tazering the defendant, the officer observed the defendant remove a black firearm (revolver) which he clearly identified as such from the defendant's waistband and throw same to the ground. The Officer reported that an assisting officer recovered the firearm and secured same while the defendant was taken into custody. The firearm was found to be a Colt Cobra 38 Special (serial number B78888) loaded with 6 Remington rounds in the cylinder. The Officer further reported that there were no pedestrians in the vicinity of the apprehension nor where the weapon was recovered. The suspect taken into custody was identified as Defendant 1: COURTNEY B MURRAY.

4. While the above described incident occurred, the two remaining individuals fled in the opposite direction. Two additional assisting WPD officers gave chase to those subjects. One of the males was able to elude capture but discarded a crowbar as he fled which was recovered by the officers.

5. The second individual was apprehended by the assisting patrol officers. Upon catching the subject, the officers advised that as they were attempting to subdue the subject later identified as Defendant 2: DARREN HARRIS, he was observed attempting to remove a long black object from his waistband. Upon making that observation, one of the officers employed their departmental issued Tazer and after further struggling with the defendant was able to take Harris into custody. Once in custody, the object in Harris's waistband was found to be a crowbar. Further search of Harris revealed a Smith and Wesson 40 caliber model SW40VE (serial number RAL7066) fully loaded with 13 rounds in the magazine and 1 round in the chamber located on the inside of his left pant leg. The firearm was confirmed to be stolen out of Amherst CO.

6. The Officers reported that upon responding back to the residence that they were dispatched to, they observed pry marks on the door indicative of attempted forced entry utilizing a pry bar or crowbar.

7. Your Affiant interviewed both defendants in the Wilmington Police Criminal Investigation Division interview room at approximately 1340 hours on 5/1/08. Both defendants waived their Miranda Warning and agreed to be interviewed. Defendant 1 MURRAY denied possession of the firearm that he discarded and any involvement in an attempted burglary. He further stated he simply was walking in the vicinity with Harris just prior to being stopped by the police. Harris implicated himself in the attempted burglary along with Murray and a third male whom he would only identify by nickname. Harris acknowledged possession of the firearm found on his person and that he is a felon.

8. Your Affiant reviewed the Delaware Justice Information System Database (DELJIS) and verified DARREN HARRIS has at least one prior Felony Conviction in New Castle County Superior Court for Lesser Included Offense of Robbery second degree, a class F Felony which is punishable by imprisonment for a term of exceeding 1 year.

9. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant believes that the weapon described in paragraph 5 herein is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate or foreign commerce.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant DARREN HARRIS violated:(1) 18 U.S.C. §§ 922(g)(1) & 924(a)(2), by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging this offense.

_____
David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal


Sworn to and subscribed in my presence
this ___ day of ___May___ 2008
_____
The Honorable Leonard P Stark
United States Magistrate Judge