IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-87-SLR |
| DARREN HARRIS, | : | |
| Defendant. | : | |

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

AND NOW comes the defendant, Darren Harris, by his attorney Luis A. Ortiz of the Federal Public Defender's Office, and files this Motion to Suppress Evidence.

1. By indictment filed June 3, 2008, defendant Darren Harris was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

2. The firearm was secured as the result of a warrantless seizure, search and arrest conducted by the Wilmington Police on May 1, 2008.

3. The seizure, search and arrest was conducted at or near the 1900 block of West 5th Street in the City of Wilmington.

4. In discovery, the government provided defense counsel with a recording of the police radio call which brought officers to the 1900 block of West 5th Street.

5. In that radio call, the dispatcher relates information received from an unidentified female caller.

6. The dispatcher relates that "there's supposed to be three black males in the rear of that location looking at the roof. She feels they're suspicious."

7. According to the criminal complaint at paragraph 3, the police came on the scene, saw three black males, and used their police car to obstruct the path of the three males.

8. Defendant Harris, who was one of the three black males, was taken into custody and searched.

9. During a search of his person, police found the firearm identified in the indictment.

10. The government alleges that subsequently, at police headquarters, Mr. Harris waived his Miranda rights and admitted to possessing the firearm.

11. In using a police vehicle to obstruct the path of the three men, police effected a Fourth Amendment "seizure."

12. The seizure was conducted without a search warrant and without an arrest warrant.

13. Both the firearm identified in the indictment and the statements made at police headquarters were fruits of the warrantless seizure.

14. Based upon violation of the Fourth Amendment warrant requirement, defendant moves to suppress the firearm, and also moves to suppress defendant's statements to police.

15. Where evidence is secured as the result of a warrantless search or seizure, the burden is on the government to prove the applicability of an exception to the Fourth Amendment warrant requirement. United States v. Herrold, 962 F.2d 1131, 1137 (3d Cir. 1992).

16. The "collective knowledge doctrine" is a recognized exception to the Fourth Amendment warrant requirement.

17. "Under the collective or imputed knowledge doctrine, an arrest or search is permissible where the actual arresting or searching officer lacks the specific information to form the basis for probable cause or reasonable suspicion[,] but sufficient information to justify the arrest or search was known by other law enforcement officials initiating or involved with the investigation." United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2001).

18. The collective knowledge doctrine is inapplicable when the source of information is a civilian 911 operator, and the operator has "no apparent training in assessing probable cause or reasonable suspicion." United States v. Colon, supra, 250 F.3d at 137 (reversing denial of motion to suppress).

19. Absent proof that Wilmington Police radio personnel were trained in assessing probable cause and reasonable suspicion, the evidence is insufficient to prove the applicability of the collective knowledge doctrine.

20.   Whatever Fourth Amendment exception is cited by the prosecution, the applicability of that exception must be proven by a preponderance of the evidence. United States v. Ushery, 526 F.Supp.2d 497, 502 (M.D. Pa. 2007).

WHEREFORE, it is respectfully requested that an evidentiary hearing be scheduled, and that Defendant's Motion to Suppress Evidence be GRANTED.

    Respectfully submitted,

    /s/ Luis A. Ortiz
    Luis A. Ortiz, Esquire
    Assistant Federal Public Defender
    One Customs House
    704 King Street, Suite 110
    Wilmington, Delaware 19801
    ecf_de@msn.com

    Attorney for Defendant Darren Harris

Dated: July 28, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-87-SLR |
| | : | |
| DARREN HARRIS, | : | |
| | : | |
| Defendant. | : | |

ORDER OF COURT

AND NOW, this _____ day of _____, 2008, upon consideration of Defendant's Motion to Suppress Evidence, it is hereby ordered that the motion is GRANTED. The firearm identified in the indictment, and the statements made by defendant to police, are hereby ordered SUPPRESSED.

By the Court,

_____
Honorable Sue L. Robinson
United States District Court